# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

___Mr. Corey L. Fox #K95803___ )
_____ )  Case Number: __16-1016-NJR__
_____ )              (Clerk's Office will provide)
_____ )
         Plaintiff/Petitioner(s)  )  ☒ CIVIL RIGHTS COMPLAINT
                v.                )     pursuant to 42 U.S.C. §1983 (State Prisoner)
___Mr. John Ross Daugherty_____ )  ☐ CIVIL RIGHTS COMPLAINT
___Law Firm of John Ross Daugherty )    pursuant to 28 U.S.C. §1331 (Federal Prisoner)
___and any associates or partners.___ )  ☐ CIVIL COMPLAINT
_____ )     pursuant to the Federal Tort Claims Act,
         Defendant/Respondent(s)  )    28 U.S.C. §§1346, 2671-2680, or other law

SCANNED at PCC and E-Mailed
9/7/16 (date) by ___ (initials)
9 (# of pages)

I. JURISDICTION

Plaintiff:

A. Plaintiff's mailing address, register number, and present place of confinement.

   Mr. Corey L. Fox #K95803
   Pontiac Correctional Center
   P.O. Box 99
   Pontiac, IL. 61764

Defendant #1:

B. Defendant ___John Ross Daugherty___ is employed as
              (a) (Name of First Defendant)

   ___Attorney at Law (#6229106)___
              (b) (Position/Title)

   with ___Jack Daugherty Law___
              (c) (Employer's Name and Address)

   ___315 N. Main St., Suite #4, Edwardsville, IL. 62025___

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: Appointed by Third Judicial Circuit, Madison County, Illinois, as Plaintiff's attorney.

(Rev. 7/2010)                           1

II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?  ☑ Yes  ☐ No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

1. Parties to previous lawsuits:
Plaintiff(s):
Corey L Fox (vs Steve Patten, et al.)

Defendant(s):
Steve Patten, et al.

2. Court (if federal court, name of the district; if state court, name of the county):
Southern District Ct. of Illinois

3. Docket number:
Case No. 3:03-cv-351-MJR

4. Name of Judge to whom case was assigned:
M.J.R.

5. Type of case (for example: Was it a habeas corpus or civil rights action?):
CIVIL RIGHTS

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
SETTLED OUT OF COURT, PENDING TRIAL, BY ATTORNEYS

7. Approximate date of filing lawsuit
2003

8. Approximate date of disposition:
2005

(Rev. 7/2010)                                3

II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?   ☑ Yes   ☒ No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

  1. Parties to previous lawsuits:
     Plaintiff(s):
     Corey L. Fox (vs. Bradley Wells, et al.)

     Defendant(s):
     Bradley Wells, et al.

  2. Court (if federal court, name of the district; if state court, name of the county):
     Southern District of Illinois

  3. Docket number:
     Case No. 3-05-cv-128-DRH

  4. Name of Judge to whom case was assigned:
     HERNDON

  5. Type of case (for example: Was it a habeas corpus or civil rights action?):
     CIVIL RIGHTS ACTION

  6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
     SETTLED OUT OF COURT, PENDING TRIAL, BY ATTORNEYS

  7. Approximate date of filing lawsuit
     2003

  8. Approximate date of disposition:
     2005

(Rev. 7/2010)

3

III. GRIEVANCE PROCEDURE

    A. Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

    B. Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☐ Yes   ☒ No

    C. If your answer is YES,
        1. What steps did you take?

        2. What was the result?

    D. If your answer is NO, explain why not.

        Defendants are not state, prison, or IDOC employees.

    E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   ☐ Yes   ☐ No

    F. If your answer is YES,
        1. What steps did you take?

        2. What was the result?

    G. If your answer is NO, explain why not.

    H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not.

        (Please see "D")

**Defendant #2:**

C. Defendant _Any unknown partners or associates with Jack Daugherty Law_ is employed as
(Name of Second Defendant)

_Attorneys and/or partners/associates applicable to representation of Plaintiff_
(Position/Title)

with _Jack Daugherty Law, 315 N. Main St. Suite #4_
(Employer's Name and Address)
_Edwardsville, IL. 62025_

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:
_( Same as Defendant #1 )_

**Additional Defendant(s) (if any):**

D. Using the outline set forth above, identify any additional Defendant(s).

_None_

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1.) On June 23, 2015, Defendants were employed and appointed to represent Plaintiff as legal counsel, for the purposes of representation from a private practice attorney, to legally and competently represent Plaintiff in numerous legal cases set in Madison County, Illinois, Third Judicial Circuit, involving, but not limited to, charges of First Degree Murder, Armed Robbery, and other lesser criminal charges. This representation was ordered by the Court, which binds Defendants.

2.) On June 29, 2015, Plaintiff authored an extensive letter of correspondence to Defendants, making them aware that he was aware of their representation, and Plaintiff sought communication and involvement from and with Defendants, regarding their employment as Plaintiff's attorneys/legal counsel. Defendants admit to receiving this correspondence from Plaintiff, as well as the undisputed fact that Defendants intentionally and deliberately chose to ignore Plaintiff, and at no point responded to Plaintiff, communicated to or with Plaintiff, and, in fact, refused to represent Plaintiff in any capacity or lawful, expected way.

3.) Additionally, Plaintiff wrote letters of correspondence to Defendants a number of 5 additional times: August 12, 2015... October 2, 2015... November 3, 2015... January 6, 2016... and Jan. 7, 2016. Defendants intentionally and deliberately refused to communicate or reply to any of Plaintiff's attempts at communicating of representation. [These facts are sternly corroborated by Plaintiff's IDOC Legal Mail outgoing and incoming logs, as well as, the investigation conducted by the A.R.D.C. of the Supreme Court of Illinois.]

4.) Defendants have given written statements to the truthfulness and merit of Plaintiff's claims of Legal Malpractice, and violations of Plaintiff's civil and constitutional rights, related to Amendments Six, Eight, and Thirteen. In effect, Defendants have admitted that they denied Plaintiff the "quality legal representation" he deserves. Defendants also admit that they received from Plaintiff several letters of correspondence, inquiry, and pleas for proper and competent representation, and that the Defendants made the deliberate, injurious, and intentional decision to ignore Plaintiff, and deny him legal representation.

5.) Defendants also have made several false statements to the A.R.D.C. of the Supreme Court of Illinois, knowingly, with regard to the request for investigation filed by Plaintiff, wherein Defendants submit dishonest claims of representation and allegations, which IDOC and Court documents/testimony will prove.

6.) Defendants, over the course of 8 calendar months, deliberately and intentionally neglected their professional and constitutional responsibilities, in providing NO legal representation for Plaintiff and/ or his cases, for which Defendants were employed. From June 2015 to February 2016, Defendants abdicated their responsibilities, depriving Plaintiff of his 6th Amendment Right to Counsel, subjected him to 8th + 13th Amendment violations of Cruel and Unusual Punishment, in that Defendant's deliberate actions result and will result, in Plaintiff's unlawful incarceration, delaying relief and justice in Plaintiff's cases.

7.) In violation of Plaintiff's Constitutional rights, as well as, in numbered violations of the Rules of Professional Conduct, Defendants entered into an intentional and deliberate agreement to violate the following Rules of Professional Conduct: 1.1. Competence.
1.2. Scope of Representation
1.3. Diligence
1.4. Communication
1.15. Safekeeping Property

8.) Defendant's actions and conduct of Malpractice have also injured Plaintiff, in that Defendants have denied Plaintiff access to and possession of his legal materials. Too, Defendants were informed and notified that they received non-legal materials, which Plaintiff requested — in writing — be promptly returned to him. Defendants refuse to return to Plaintiff these documents.

9.) Ample evidence exists which supports Plaintiff's claims, stated herein. As well, it has come to the attention of both Plaintiff and the Third Judicial Circuit Court, that Plaintiff is NOT the only person who has experienced very serious and problematic issues of misconduct, malpractice, and dereliction of professional duties. Defendants have an extensive and tangled history of misrepresenting person(s) whom they are ordered to represent before the Court on legal matters. Plaintiff has acquired a list of 4 individuals previously represented by Defendants, who will testify to similar negligence, mistreatment, and outright misconduct, during being represented by Defendants.

10.) As such, Defendants, on several occasions, have prejudiced Plaintiff and his rights. Defendants failed to obtain Plaintiff's consent and deliberately refused to allow Plaintiff's instructions, regarding his cases and legal proceedings. Defendants were negligent, and failed to provide the attention and care to Plaintiff legally required. Defendants disregarded Plaintiff's rights, as well as their obligation to comply with the known Rules of Professional Conduct, and the United States Constitution and Illinois Bar.

11.) Plaintiff has a right and expectation to trust that his legal counsel will abide by and take serious Defendant's fiduciary duty to protect Plaintiff's property; which Defendants failed to do.

12.) Defendants actions and misconduct have and are gravely jeopardizing Plaintiff's liberty interests, to be free from any and all Cruel and Unusual Punishment, Unlawful Imprisonment, and abuses. Defendants are obligated by law, statute, and the RPC to exert their best efforts to advance Plaintiff's legitimate interests, with fidelity and diligence, and to pursue these interests with deliberate speed. Defendants failed to do so!

13.) Rules of Professional Conduct govern an attorney's conduct and any violations of these rules, or, established misconduct is basis for civil liability. Lawyers are obligated to abide by a client's decision(s) concerning the objective of representation. Defendants, at no time representing Plaintiff, made ANY objective inquiries into the facts of Plaintiff's case(s), and their inaction and misconduct have certainly exposed Plaintiff to (additional) unnecessary risks and dangers/delays.

14.) Plaintiff has a right to conflict-free representation and Defendants' conduct in representing Plaintiff are sufficient to raise a reasonable possibility of extreme prejudice and injury to Plaintiff, arising from the continued, deliberate, and intentional misconduct and abuses/malpractice by Defendants.

15.) Respectfully, too, RPC Rule 1.14 were violated by Defendants, alongside Rule 8.4 (a,4,5) in that Defendants engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, and prejudicial discrimination and discriminatory treatment of Plaintiff based upon Plaintiff's Mental disability. Defendants have violated Plaintiff's civil rights, as well as, state and/or federal statutes that prohibit discrimination based on disability.

16.) Defendants admit - in writing - to, at NO, point during the 8 month time period in which they were ordered and obligated to represent Plaintiff, did they "enter any appearance" on behalf of Plaintiff "for/on any matter"... And that Defendants confess to "not providing the representation" Plaintiff deserved and "reasonably expected".

17.) On January 19, 2016, Defendants were removed and forcibly dismissed by the Court from representing Plaintiff in any capacity, both as a result of an investigation initiated by the A.R.D.C. and the repeated letters and notifications to the Court, made by Plaintiff.

THEREFORE, due to these briefly listed claims and facts, Plaintiff submits this Complaint to this Court for review and requests a Jury Trial on the meritorious claims of Civil Rights Violations, Malpractice, Constitutional Violations, and seeks relief, both compensatory and punitive, against Defendants, as applicable by law.

_____
Mr. Corey L. Fox # K95803
PLAINTIFF

Notarized... Signed and Sworn before me, this ___1___ day of ___Apr-l___, 2016

Notary Public _____
Plaintiff's Signature __C.L.F.___ # K95803

OFFICIAL SEAL
MARK G. SPENCER
Notary Public - State of Illinois
My Commission Expires
August 27, 2016

V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

A.) Plaintiff seeks relief of compensatory damages against each Defendant in the amount of $100,000.00

B.) Plaintiff seeks relief of punitive damages against each Defendant in the amount of $100,000.00

VI. JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: April 01, 2016
(date)

Signature of Plaintiff

P.O. Box 99
Street Address

Corey L. Fox
Printed Name

Pontiac, IL 61764
City, State, Zip

#K95803
Prisoner Register Number

N/A
Signature of Attorney (if any)

(Rev. 7/2010)   6