IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY L. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:16-cv-1016-NJR |
| | ) |
| JOHN ROSS DAUGHERTY, and | ) |
| JOHN ROSS DAUGHERTY LAW FIRM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Corey Fox is currently incarcerated at the Pontiac Correctional Center in Pontiac, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Fox has drafted a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the lawyer and the law firm that were appointed to represent him in his underlying criminal proceeding committed legal malpractice, in violation of Illinois state law and his rights under the United States Constitution. (*Id.* at 6-9.) As it concerns the appointed lawyer and the law firm, the complaint seeks $200,000 in damages. (*Id*. at 9.)

Fox did not pay the filing fee for this action and instead drafted a motion to proceed with his case as a pauper—in other words, by paying the Court's filing fee in installments. That request would typically require the Court to conduct a threshold assessment of Fox's complaint to determine whether he stated a viable claim; if he did and Fox was indigent, the Court would allow his case to proceed and assist him with service, but if he did not, his case would be dismissed at the outset. *See* 28 U.S.C. § 1915(e). Before the Court could conduct a preliminary review, however, Fox sent a letter to the Court, admitting that he had drafted his complaint but claiming that he had not yet decided that he wanted to file it when the complaint was actually

submitted to the Court. According to Fox, he sent the complaint and his draft pauper motion to the law library at Pontiac Correctional Center in September 2016 for copies only, but the prison misunderstood Fox's request and instead submitted the complaint for e-filing with the Court.

The Court construes Fox's letter (Doc. 6) as a notice of dismissal of his case pursuant to Federal Rule of Civil Procedure 41, which allows a plaintiff to dismiss his case on notice before an answer or a motion for summary judgment, or on motion or stipulation signed by all parties if there has been an answer or summary judgment motion filed. That kind of notice is self-executing, *see Edwards-Brown v. Crete-Monee 201-U School District*, 491 F. App'x 744, 746 (7th Cir. 2012), so this Order serves only as **CONFIRMATION** that Fox's case is **DISMISSED without prejudice**. Given the circumstances of the filing of Fox's complaint, the **CLERK** is **DIRECTED** not to assess a filing fee for this matter or to attempt collection of a filing fee through Fox's prison trust fund officer at Pontiac. In addition, Fox's pending motion to proceed as a pauper (Doc. 2) and his pending motions for appointment of counsel (Docs. 3 & 5) are **DENIED** as **MOOT**. The **CLERK** is **DIRECTED** to close this case.

IT IS SO ORDERED.

DATED:  December 6, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**